## APPEALS OF JOSEPH Z. MUIR AND GEORGE LEWIS.

Docket Nos. 6500 and 6502. Decided September 22, 1926.

1. Shares of stock valued as of March 1, 1913, for determination of gain or loss on liquidation of corporation.

2. On January 12, 1921, one partner sold his share of the partnership assets to the other partner, pursuant to an oral agreement reached in 1920, and thereby sustained a loss. *Held*, the loss is not deductible from 1920 income as it was not sustained until the sale was completed.

*Theodore B. Benson, Esq.*, for the petitioners.
*Arthur H. Fast, Esq.*, for the Commissioner.

These appeals are from determinations of deficiencies in income taxes for the calendar year 1920 of $8,510.30 for Joseph Z. Muir, and $11,365.98 for George Lewis.

In both appeals there is presented for determination the question of the March 1, 1913, value of the capital stock of a corporation and the consequent gain realized by the petitioners on their shares upon liquidation of the corporation. In the appeal of George Lewis there is also the question whether a loss sustained on the dissolution of a partnership is deductible in the year 1920.

### FINDINGS OF FACT.

The petitioners are individuals residing in Philadelphia, Pa.

In 1882 Robert Lewis began the business of manufacturing tapestry. In 1888 his son, George Lewis, one of the petitioners, entered his employ with the promise of the right to acquire an interest in the business. In 1893 or 1894 the petitioner Joseph Z. Muir entered the employ of Robert Lewis under a similar arrangement. The petitioners continued in the employ of Robert Lewis until the business was incorporated in 1906, at which time George Lewis purchased 150 shares of stock and Joseph Z. Muir purchased 120 shares, both on the basis of par value, the stock in both cases to be paid for out of dividends as earned. Subsequently, and prior to March 1, 1913, the petitioner Lewis acquired 48 additional shares and the petitioner Muir acquired 36 additional shares on the basis of book values. Of these latter shares Lewis acquired 18 on January 1, 1913, and Muir acquired 32 on the same date, all on the basis of the then book value of $200.36 per share.

With the exception of a few shares issued to other employees all of the stock of the corporation was at all times owned by the petitioners and Robert Lewis. No sales of the stock were ever made in the open market.

In September, 1913, the corporation had an appraisal of its equipment made by an appraisal company. The appraisal report was rendered on the basis of the new reproductive cost as of September, 1913, of the machinery and equipment.

The books of the corporation show average annual earnings for the five years, 1908 to 1912, inclusive, in the amount of $31,252.65, and average tangible assets for the same period of $132,673.38.

The corporation was dissolved on December 31, 1919, and liquidating dividends were paid the stockholders in 1920. In determining the taxable gain realized by the petitioners from the liquidating dividends the Commissioner fixed the March 1, 1913, value of the stock at $200.36 per share.

After the dissolution of the corporation the business was conducted by the petitioners as a partnership under the trade-name of Robert Lewis Co. In the summer of 1920 the health of the petitioner Lewis failed and it appeared that it would be necessary for him to retire from the partnership.

About November or December of 1920 he reached an agreement with Muir whereby Muir was to purchase his interest for cash on the basis of book value, less an amount of about $29,000 to cover depreciation, and less a further amount to be determined by the inventory to be taken at the close of the year, which was finally

fixed at about $50,000. The total deduction from book value, amounting to over $79,000, is not involved here. On December 31, 1920, the partnership had on deposit and on hand cash in the amount of $150,192.81. On that date Lewis retired from the business and, beginning January 1, 1921, Muir took over the assets, including cash, and assumed the liabilities and began the operation of the business as an individual. The agreement reached by the partners in 1920 was not reduced to writing.

On January 12, 1921, Muir paid Lewis for the interest of the latter in the partnership the sum of $138,807.40 by two checks, one drawn on the Oxford Bank of Frankford in the amount of $80,000, and one on the Frankford Trust Company in the amount of $58,-807.40. On the same date, January 12, 1921, Lewis acknowledged in writing the receipt of $138,807.40, and in the same instrument, in consideration of the payment received, assigned his interest in the partnership assets to Muir and gave Muir power to collect debts due the partnership.

On this sale of his interest in the partnership Lewis sustained a loss of $31,747.12.

Lewis filed his returns on the basis of cash receipts and disbursements.

OPINION.

ARUNDELL: The Commissioner has determined the March 1, 1913, value of the shares of stock in the Robert Lewis Co., Inc., owned by these petitioners to be $200.36 per share. This figure not only represents the book value of the shares as of the basic date, but also the price paid for a portion of the holdings of these petitioners on January 1, 1913. The contention is now made that the sales were not representative and that the book value does not represent the fair market value on March 1, 1913, of the shares of stock.

Petitioners seek to increase the value of the shares by finding that the Robert Lewis Co., Inc., had a valuable good will which was not reflected on its books. They assert that this value may properly be determined by capitalizing at 10 per cent all earnings in excess of a return of 8 per cent on the tangible assets.

The only evidence offered in the attempt to prove good will was the average annual earnings and the average tangible assets as shown by the books of the years 1908 to 1912, inclusive. These figures, standing alone, are not sufficient evidence of the existence of good will to warrant our disturbing the Commissioner's finding. *Appeal of Rock Spring Distilling Co.*, 2 B. T. A. 207. Furthermore, the position of the petitioners is obviously inconsistent in asking that we compute good will on the basis of the book figures submitted while at the same time alleging that the books were improperly kept.

The Commissioner admits that the petitioner Lewis sustained a loss on the sale of his interest in the partnership. The dispute arises as to whether the loss was sustained in 1920 or 1921. The petitioner claims it as a deduction from income for 1920, whereas the Commissioner has allowed it as a deduction from 1921 income.

The petitioners contend that a contract had been entered into by the partners prior to December 31, 1920, and that all that remained to be done at the close of the year was the mechanical task of taking an inventory. While it appears that there was an agreement between the partners prior to December 31, 1920, it is clear from the evidence that the transaction was not completed until January 12, 1921. In *Appeal of A. J. Schwarzler Co.*, 3 B. T. A. 535, we said, at p. 539:

> We think that a loss is sustained, within the meaning of the law, only when it is a realized loss and is evidenced by a completed and closed transaction.

Applying this principle to the present appeal, we are of the opinion that the loss was not sustained in the year 1920.

> *The deficiency for the year 1920 in the case of Joseph Z. Muir is $8,510.30 and in the case of George Lewis $11,365.98. Orders will be entered accordingly.*